**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| DAZN LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRIBUTED MEDIA SOLUTIONS, LLC,<br><br>    Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff DAZN Limited ("DAZN" or "Plaintiff") brings this complaint against Distributed Media Solutions, LLC ("DMS" or "Defendant") and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 et seq.

2.      DAZN requests this relief because DMS recently accused DAZN of patent infringement.  DMS threatened to file a lawsuit against DAZN alleging that DAZN infringes 7,133,922 (the "'922 patent"), 7,739,714 (the "'714 patent"), and 8,122,004 (the "'004 patent"); and DMS has also asserted infringement claims against a similarly-situated defendant in this district based on the foregoing patents as well U.S. Patent Nos. 6,697,811 (the "'811 patent") (collectively "the DMS patents").

3.      DMS's intended assertion of claims of patent infringement based on DAZN products has threatened DAZN's business, and has created a present, genuine, and justiciable controversy between DAZN and DMS. For these reasons, and as alleged more particularly herein,

1

DAZN brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that DAZN does not infringe the DMS patents, and that the DMS patents are invalid and/or unenforceable.

## THE PARTIES

4.      DAZN is a private company organized and existing under the laws of the United Kingdom, with its registered office address and principal place of business being 12 Hammersmith Grove, London, England, W6 7AP.

5.      Upon information and belief, and based on contentions made by DMS in its infringement notice to DANZ, DMS is a Georgia limited liability company with its principal place of business at 4725 Peachtree Corners Circle, Suite 230, Peachtree Corners, GA 30092.

6.      Upon information and belief, and based on contentions made by DMS in its infringement notice to DANZ, DMS claims to own the DMS Patents.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8.      This Court can provide the relief sought in this Declaratory Judgment Complaint because there exists an actual case and controversy between the parties pursuant to 28 U.S.C. §2201.

9.      This Court has personal jurisdiction over DMS because DMS has intentionally and purposefully directed activities and has availed itself of the benefits of this District. DMS has engaged in pre-suit communications with defendants in this District, including but not limited to, sending cease-and-desist letters to companies residing in this District. DMS has filed multiple lawsuits for infringement of the DMS patents in the District of Delaware, including *Distributed*

2

*Media Solutions, LLC v. CuriosityStream Inc.,* Case No. 1:22-cv-01353 (D. De.) and *Distributed Media Solutions, LLC v. AMC Networks In.,* Case No. 1:22-cv-01294 (D. De.). DMS also acquired the DMS patents in 2021 from two Delaware LLC's, thus engaging in contract negotiations with and executing an assignment of the patents from the Delaware entities. These contacts are substantially related to this cause of action, and they relate in a material way to the enforcement or defense of the patent.

10.     DMS purposefully directed the foregoing activities to this District, and has thereby availed itself of the benefits of the judicial system and laws in this District. DMS's acquisition of the DMS patents from Delaware entities gives rise to its ability to enforce the patents and directly relates to the allegations and claims herein. By the foregoing actions, DMS has established sufficient minimum contacts with the District such that DMS is subject to specific personal jurisdiction in this action relating to the DMS patents. The exercise of personal jurisdiction based on these relevant and repeated contacts does not offend traditional notions of fair play and substantial justice.

11.     Venue is proper under 28 U.S.C. §§ 1391(c) because DMS is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

12.     In its infringement notice to DAZN, DMS purports to be the owner of the DMS patents, three of which have expired. These patents relate to networked systems, transmission of data, and providing rich media content over a network.

13.     DMS purports to be the owner by assignment of all right, title, and interest in the '811 patent, entitled "Method and System for Information Management and Distribution" (**Exhibit A**). This patent appears to have expired. Ex. A at Cover Page.

3

14.     DMS purports to be the owner by assignment of all right, title, and interest in the '922 patent, entitled "Method and Apparatus for Streaming of Data" (**Exhibit B**). Ex. B at Cover Page.

15.     DMS purports to be the owner by assignment of all right, title, and interest in the '714 patent, entitled "System for Transmitting Digital Data Over a Limited Bandwidth Link in Plural Blocks" (**Exhibit C**).

16.     DMS purports to be the owner by assignment of all right, title, and interest in the '004 patent, entitled "System for Transmitting Digital Data Over a Limited Bandwidth Link in Plural Blocks" (**Exhibit D**). This patent appears to have expired. Ex. D at Cover Page.

17.     Shortly after DMS acquired the DMS patents by assignment in August 2021, DMS began filing patent infringement lawsuits to extract licensing royalties.

18.     On July 8, 2022, DMS asserted one of the DMS patents in *Distributed Media Solutions, LLC v. Deezer S.A.,* Case No. 2:22-cv-00254 (E.D. Tex.).  This action is pending.

19.     On July 8, 2022, DMS asserted one of the DMS patents in *Distributed Media Solutions, LLC v. Aspiro AB,* Case No. 2:22-cv-00255 (E.D. Tex.).  This action was dismissed by stipulation shortly after it was filed.

20.     On September 30, 2022, DMS asserted the DMS patents in *Distributed Media Solutions, LLC v. AMC Networks Inc.,* Case No. 1:22-cv-01294 (D. De.).  This action was voluntarily dismissed shortly after it was filed.

21.     On October 13, 2022 DMS asserted the DMS patents in *Distributed Media Solutions, LLC v. CuriosityStream Inc.,* Case No. 1:22-cv-01353 (D. De.). This action is pending.

22.     On February 9, 2023, DMS asserted the DMS patents in *Distributed Media Solutions, LLC v. Fenix International, Ltd.,* Case No. 2:23-cv-00048 (E.D. Tex.).  This action was

dismissed by stipulation shortly after it was filed.

23.     As set forth herein, DAZN does not infringe the DMS patents and should not be compelled to pay a royalty to license them. DAZN brings the present action to defend its products and to alleviate the burdens of litigation on itself and its customers. A judicial declaration is necessary to determine the respective rights of the parties regarding the DMS patents, and DAZN respectfully seeks a declaration that the DSM Patents are not infringed by any DAZN products and/or services and that the DMA patents are invalid.

**CLAIM I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '811 PATENT**

24.     DAZN restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

25.     DMS has contended that "by making, using, offering to sell, or selling" certain DAZN Products infringes at least claim 1 of the '811 patent.

26.     DAZN does not infringe any valid and enforceable claim of the '811 patent, either directly or indirectly, literally or under the doctrine of equivalents, via DAZN's manufacture, use, offer for sale, sale, and/or import of the DAZN Products.

27.     DAZN has never manufactured, used, offered for sale, sold, or imported any products or services which infringe any valid and enforceable claim of the '811 patent.

28.     By example, without limitation, DAZN alone does not perform all the steps recited in claim 1 of the '811 patent as is required for direct infringement.  As DMS knows, DAZN licenses the Akamai Content Delivery Network ("Akamai CDN"), and DAZN does not exercise any direction or control over the Akamai CDN.  DAZN is not in a joint venture or enterprise with Akamai relating to the Akamai CDN.  Because DMS's infringement allegations have included attributing the alleged performance of some steps recited in claim 1 of the '811 patent, DMS knows

5

that DAZN does not directly infringe the claims of the '811 patent and its allegations have no good faith basis.

29.     In particular, DAZN's system does not perform at least the following steps of claim 1 of the '811 patent:

- "receiving from a user at a multi-access manager a request for access to the system"
- "displaying in response to an approved access a catalogue of at least one source server"
- "receiving a source server selection from the user"

30.     There exists a present, genuine, and justiciable controversy between DAZN and DMS warranting issuance of a declaration by the Court that no valid and enforceable claim of the '811 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by DMS or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the DMS Products.

31.     DMS's allegations of infringement of the '811 patent are baseless and exceptional, thus warranting an award of DAZN's attorneys' fees under 35 U.S.C. § 285.

## CLAIM II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '811 PATENT

32.     DAZN restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

33.     DMS has contended that at least claim 1 of the '811 patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing the DAZN Products.

34.     The claims of the '811 patent are invalid for failure to comply with one or more

6

requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

35.     The claims of the '811 patent are anticipated and/or obvious in view of the prior art of record in the public prosecution history of the '811 patent as well as other prior art not considered by the Patent Office before allowing the claims of the '811 patent, including the following: US20020004727A1; US20020035697A1; US20020032747A1; US20020042790A1; US20020083006A1; US20020065880A1.

36.     There exists a present, genuine, and justiciable controversy between DAZN and DMS warranting issuance of a declaration by the Court that one or more of the claims of the '811 patent are invalid.

## <u>CLAIM III</u>
## <u>DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '922 PATENT</u>

37.     DAZN restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

38.     DSM has contended that "by making, using, offering to sell, or selling" the DAZN Products infringes at least claim 18 of the '922 patent.

39.     DAZN does not infringe any valid and enforceable claim of the '922 patent, either directly or indirectly, literally or under the doctrine of equivalents, via DAZN's manufacture, use, offer for sale, sale, and/or import of the DAZN Products.

40.     DAZN has never manufactured, used, offered for sale, sold, or imported any products or services which infringe any valid and enforceable claim of the '922 patent.

41.     By example, without limitation, DAZN alone does not perform all the steps recited in claim 18 of the '922 patent as is required for direct infringement.  As DMS knows, DAZN licenses the Akamai CDN, and DAZN does not exercise any direction or control over the Akamai

CDN.  DAZN is not in a joint venture or enterprise with Akamai relating to the Akamai CDN. Because DMS's infringement allegations attribute the alleged performance of some steps recited in claim 18 of the '922 patent, DMS knows that DAZN does not directly infringe the claims of the '922 patent and its allegations have no good faith basis.

42.     In particular, DAZN's system does not perform at least the following steps of claim 18 of the '922 patent:

- "locating a plurality of gateways between said server and said clients, each said client being associated with one said gateway"
- "sourcing a data stream from a server or another gateway"
- "supplying a data stream from the said gateway"
- "deciding whether a neighboring gateway exists"
- "selecting between two or more gateways"

43.     There exists a present, genuine, and justiciable controversy between DAZN and DMS warranting issuance of a declaration by the Court that no valid and enforceable claim of the '922 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by DMS or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the DMS Products.

44.     DMS's allegations of infringement of the '922 patent are baseless and exceptional, thus warranting an award of DAZN's attorneys' fees under 35 U.S.C. § 285.

## CLAIM IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '922 PATENT

45.     DAZN restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

46.     DMS has contended that at least claim 18 of the '922 patent is valid, enforceable, and infringed by making, using, offering to sell, or selling the DAZN Products.

47.     The claims of the '922 patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

48.     The claims of the '922 patent are anticipated and/or obvious in view of the prior art of record in the public prosecution history of the '922 patent as well as other prior art not considered by the Patent Office before allowing the claims of the '922 patent, including the following: US6618368; US5940391; US5355371; US5850396.

49.     There exists a present, genuine, and justiciable controversy between DAZN and DSM warranting issuance of a declaration by the Court that one or more of the claims of the '922 patent are invalid.

## CLAIM V
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '714 PATENT

50.     DAZN restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

51.     DSM has contended that "by making, using, offering to sell, or selling" the DAZN Products infringes at least claim 9 of the '714 patent.

52.     DAZN does not infringe any valid and enforceable claim of the '714 patent, either directly or indirectly, literally or under the doctrine of equivalents, via DAZN's manufacture, use, offer for sale, sale, and/or import of the DAZN Products.

53.     DAZN has never manufactured, used, offered for sale, sold, or imported any products or services which infringe any valid and enforceable claim of the '714 patent.

54.     By example, without limitation, DAZN alone does not perform all the steps recited

9

in claim 9 of the '714 patent as is required for direct infringement.  As DMS knows, DAZN licenses the Akamai CDN, and DAZN does not exercise any direction or control over the Akamai CDN. DAZN is not in a joint venture or enterprise with Akamai relating to the Akamai CDN.  Because DMS's infringement allegations attribute the alleged performance of some steps recited in claim 9 of the '714 patent, DMS knows that DAZN does not directly infringe the claims of the '714 patent and its allegations have no good faith basis.

55.     In particular, DAZN's system does not perform at least the following steps of claim 9 of the '714 patent:

- "an encoder for compressing a digital object movie into a series of encoded data blocks stored in a database"

- "a processing unit…for determining one or more data blocks to transmit based on a bandwidth associated with the client computer"

56.     There exists a present, genuine, and justiciable controversy between DMS and DAZN warranting issuance of a declaration by the Court that no valid and enforceable claim of the '714 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by DAZN or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the DAZN Products.

57.     DMS's allegations of infringement of the '714 patent are baseless and exceptional, thus warranting an award of DAZN's attorneys' fees under 35 U.S.C. § 285.

**CLAIM VI**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '714 PATENT**

58.     DAZN restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

59.     DMS has contended that at least claim 9 of the '714 patent is valid, enforceable,

10

and infringed by making, using, offering to sell, selling, and/or importing the DAZN Products.

60.     The claims of the '714 patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

61.     The claims of the '714 patent are anticipated and/or obvious in view of the prior art of record in the public prosecution history of the '714 patent as well as other prior art not considered by the Patent Office before allowing the claims of the '714 patent, including the following: US5251294; US5253275; US20030182659.

62.     There exists a present, genuine, and justiciable controversy between DMS and DAZN warranting issuance of a declaration by the Court that one or more of the claims of the '714 patent are invalid.

<u>**CLAIM VII**</u>
<u>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '004 PATENT**</u>

63.     DAZN restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

64.     DMS has contended that "by making, using, offering to sell, or selling" the DAZN Products, DAZN infringes at least claim 1 of the '004 patent.

65.     DAZN does not infringe any valid and enforceable claim of the '004 patent, either directly or indirectly, literally or under the doctrine of equivalents, via DAZN's manufacture, use, offer for sale, sale, and/or import of the DAZN Products.

66.     DAZN has never manufactured, used, offered for sale, sold, or imported any products or services which infringe any valid and enforceable claim of the '004 patent.

67.     By example, without limitation, DAZN alone does not make, use or offer a system that practices all the limitations in claim 1 of the '004 patent as is required for direct infringement.

11

As DMS knows, DAZN licenses the Akamai CDN, and DAZN does not exercise any direction or control over the Akamai CDN. DAZN is not in a joint venture or enterprise with Akamai relating to the Akamai CDN. Because DMS's infringement allegations attribute the alleged performance of some functions recited in claim 1 of the '004 patent, DMS knows that DAZN does not directly infringe the claims of the '004 patent and its allegations have no good faith basis.

68.     In particular, DAZN's system does not perform at least the following functions of claim 1 of the '004 patent:

- "configuring a content package for media content that is requested by the network device"

- "causing communication of the content package to the network device"

69.     There exists a present, genuine, and justiciable controversy between DMS and DAZN warranting issuance of a declaration by the Court that no valid and enforceable claim of the '004 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by DAZN or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the DAZN Products.

70.     DMS's allegations of infringement of the '004 patent are baseless and exceptional, thus warranting an award of DAZN's attorneys' fees under 35 U.S.C. § 285.

## CLAIM VIII
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '004 PATENT

71.     DAZN restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

72.     DMS has contended that at least claim 1 of the '004 patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing the DAZN Products.

73.     The claims of the '004 patent are invalid for failure to comply with one or more

requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

74.     The claims of the '004 patent are anticipated and/or obvious in view of the prior art of record in the public prosecution history of the '004 patent as well as other prior art not considered by the Patent Office before allowing the claims of the '004 patent, including the following: US6848004; US6952716; US20020004755; US6789108.

75.     There exists a present, genuine, and justiciable controversy between DMS and DAZN warranting issuance of a declaration by the Court that one or more of the claims of the '004 patent are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment as follows:

(a)     A declaration that no claim of the DMS patents has been or is infringed by DAZN or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the DAZN Products;

(b)     A declaration that all claims of the DMS patents are invalid;

(c)     An order enjoining DMS, its privies, and all those in active consort therewith from publicly asserting that DAZN's services and/or products infringe any of the DMS patents;

(d)     An order finding this case exceptional within the meaning of 35 U.S.C. § 285 and awarding to DAZN of its reasonable attorneys' fees, expenses, and costs; and

(e)     Such other and further relief as the Court deems just and appropriate.

## JURY TRIAL DEMAND

DAZN demands a trial by jury on all issues so triable.


Dated: September 27, 2023

/s/ *Alessandra Glorioso*
Alessandra Glorioso (DE Bar No. 5757)
glorioso.alessandra@dorsey.com
DORSEY & WHITNEY (DELAWARE) LLP
300 Delaware Avenue, Ste. 1010
Wilmington, DE 19801

Mark Miller (pro hac vice pending)
miller.mark@dorsey.com
DORSEY & WHITNEY LLP
111 S. Main Street, Ste. 2100
Salt Lake City, UT 84111

Attorneys for Plaintiff

14